UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| DENNIS MICHAEL DYLEWSKI, and ) | Case No. 10-40696-659 |
| KAREN ARLENE DYLEWSKI, ) | Chapter 7 |
| ) | |
| Debtors. ) | **PUBLISHED** |

### ORDER DENYING DEBTORS' MOTION TO DISMISS

The matter before the Court is Debtors' Motion to Dismiss and Trustee's Objection to Debtors' Motion to Dismiss. A hearing was held on June 14, 2010 at which Debtors' appeared in person and Trustee appeared by counsel. The matter was then taken under submission. Upon consideration of the record as a whole, the Court resolves the matter as follows.

Debtor Dennis Michael Dylewski and Debtor Karen Arlene Dylewski (hereinafter "Debtors") filed this Chapter 7 case on January 28, 2010. Robert J. Blackwell is the duly appointed and acting Chapter 7 Trustee (hereinafter "Trustee"). Debtors' Schedule D list $182,159.00 in secured debt. Debtors' Schedule F list $43,352.00 in unsecured debt. Debtor Karen Arlene Dylewski was involved in a personal injury case that settled for $20,000.00 and none of said funds were used to pay any creditors. On Mach 4, 2010 Debtors filed an amended Schedule B and Schedule C in which Debtors disclosed for the first time two pending personal injury lawsuits.

Trustee attempted to hold the 341 Meeting of Creditors on March 8, 2010, April 1, 2010 and May 6, 2010, at which Debtors consistently failed to appear. Trustee however refused to dismiss the case because Trustee's assessment revealed that there were assets in Debtors' estate. On May 18, 2010 Debtors filed their Motion to Dismiss. Trustee objects that Debtors failed to show sufficient cause to justify dismissal. Trustee argues that dismissal will prejudice creditors because bankruptcy ensures a fair distribution of assets to creditors, however, no similar guarantee exists

if Debtors' Motion to Dismiss is granted. Debtors argue that they do not need assistance in paying their debts and would prefer to do so outside of bankruptcy. Debtors argue that their financial history, as exemplified by their impeccable credit score and AAA credit with many of their creditors, indicates that they will pay their debt independently.

A bankruptcy court may only dismiss a Chapter 7 case for cause. 11 U.S.C. § 707(a) (2010). Section 707(a) applies to voluntary motions to dismiss. *See In re Maixner,* 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003) (citations omitted). "Even if the Debtor can show cause for the dismissal, the bankruptcy court should deny the motion if there is any showing of prejudice to creditors. *Id.* (citations omitted).

In determining whether to dismiss a Chapter 7 case upon motion by a debtor, a court should consider the following:

> (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*Id.* citing *Turpen v. Eide* (*In re Turpen*), 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000).

Here, there is no affirmative showing that all creditors have consented to dismissal. The Court was not presented with any direct facts that would suggest that Debtors are acting in bad faith. The Court however notes that Debtors intentionally failed to appear at their 341 Meeting of Creditors, which was continued three times due to Debtors' absence. Debtor Dennis Dylewski stated that Debtors intentionally missed their 341 Meetings of Creditors in hopes of having their case dismissed. Debtors argue that they were acting in good faith because they were proactive in filing their bankruptcy case and did not have to be chased by their creditors.

Trustee argues that there was no good faith because Debtors also failed to disclose the two

pending lawsuits in their original schedules and when Debtors later disclosed this information in their amended Schedule B, they improperly attempted to exempt any potential settlement proceeds. The culmination of these facts indicate a lack of good faith.

Debtors have unsecured debt in the amount of $43,352.00, which is less than the $20,000.00 settlement from the personal injury lawsuit. The $20,000.00 was not used to pay any debt, which leads the Court to conclude that if this case was dismissed, Debtors' creditors may be prejudiced. As a result, there will be a prejudicial delay in payment to creditors as well as a reordering of priorities because the order of distribution dictated by the Bankruptcy Code would not control Debtors chosen order of repayment. Debtors did not indicate that there are other proceedings through which payment of claims can be handled. After applying the *Maixner* factors to the case at bar, the Court finds that four of the six factors are present and thus the Court concludes that there is a showing of harm to creditors. Therefore,

**IT IS ORDERED THAT** Debtors' Motion to Dismiss is **DENIED**.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: August 20, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Bryan Voss
Blackwell and Associates
PO Box 310
O'Fallon, MO 63366-0310

Robert J. Blackwell
Blackwell and Associates (trustee)
P.O. Box 310
O'Fallon, MO 63366-0310

Dennis and Karen Dylewski
2302 Peterein Court
Festus, MO 63028

Tobias Licker
Law Offices of Tobias Licker LLC
1861 Sherman Dr.
St. Charles, MO 63303